IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CV-00283-M

BRANDY THOMPSON,            )
                            )
        Plaintiff,          )
                            )
v.                          )           ORDER
                            )
LLOYD J. AUSTIN, Secretary of )
Defense, and Does 1-3,      )
                            )
        Defendants.         )

This matter comes before the court on Defendant Lloyd J. Austin's Motion for Summary Judgment [DE 21]. It appears that the motion was filed in lieu of an answer and does not invoke nor mention Rule 12(b) of the Federal Rules of Civil Procedure. Such response is not supported by the federal rules, which contain no mechanism by which a defendant may respond to a complaint with a motion seeking summary judgment pursuant to Rule 56.[1] *See Kimbler v. Spear*, No. 1:16CV00047, 2017 WL 1337276, at *2 (W.D. Va. Apr. 11, 2017) (after full briefing and oral argument on a Rule 56 motion, the court required the defendant, who filed the motion in response to the complaint, to file an answer). "Additionally, federal courts have not generally considered motions for summary judgment on the merits before giving the parties an opportunity to conduct discovery." *Chestnut v. Singleton*, No. CA 1:13-2250-RBH-SVH, 2013 WL 8210833, at *1

---

[1] *See* Rules 12 (requiring a responsive pleading or 12(b) motion); 7 (defining "pleading"); and 8(b) (effect of failing to deny where responsive pleading required). A failure to timely answer or responsively plead may place a defendant at risk of default. *See Kimbler*, 2017 WL 1337276, at *2 (noting that "a defendant must serve an answer within 21 days," the "deadline is tolled" with the filing of a motion under Rule 12(b), and "[t]he question of whether service of a motion for summary judgment under Rule 56 similarly tolls this deadline has not often been addressed, but the plain language of Rule 12(a)(4) indicates that it does not." (citing Fed. R. Civ. P. 12(a)(4))).

(D.S.C. Nov. 19, 2013) (citing *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery,'" quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) and *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (holding generally, "summary judgment is appropriate only after adequate time for discovery") (internal quotation marks omitted)).

Accordingly, Defendant's motion [DE 21] is DENIED WITHOUT PREJUDICE. Defendant Austin shall file an answer or other response to the operative pleading, which is contemplated by the Federal Rules of Civil Procedure, on or before March 31, 2022.

In light of this order, Plaintiff's motion for extension of time to file a response to Defendant's motion [DE 29] is DENIED AS MOOT.

SO ORDERED this 23rd day of March, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE